Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6353 | **DATE** | 10/31/2000 |
| **CASE TITLE** | Edward Bontkowski vs. Brian Smith et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Brian Smith's motion to dismiss [23-1] is granted. The relief that Bontkowski requests for the alleged filing of false charges and the alleged use of fraudulent means to steal property is not appropriate. We dismiss Bontkowski's federal claims and decline to exercise jurisdiction over his state law claim. This case is terminated.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 01 2000 | |
| ✓ | Docketing to mail notices. | date docketed | 31 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials TSA | FILED FOR DOCKETING 00 OCT 31 PM 4: 16 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| EDWARD BONTKOWSKI | ) | |
|---|---|---|
| | ) | DOCKETED |
| Plaintiff, | ) | NOV 0 1 2000 |
| | ) | |
| v. | ) No. 98 C 6353 | |
| | ) | |
| BRIAN SMITH, ELENA | ) Honorable Wayne R. Andersen | |
| BONTKOWSKI, a/k/a ELENA | ) | |
| BRONT, and OTHER UNKNOWN | ) | |
| JOHN AND JANE DOE AGENTS OF | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion to dismiss brought by defendant Brian Smith. In the motion, Smith argues that we should dismiss the Amended Complaint because plaintiff lacks standing to sue for declaratory relief and because plaintiff's claims are time barred. For the following reasons, we grant defendant's motion to dismiss.

## BACKGROUND

On October 9, 1998, Edward Bontkowski filed a pro-se Complaint alleging violations of his civil rights. On January 15, 1999, Bontkowski filed a motion asking that we hold his case "in abeyance." On June 28, 1999, we dismissed the Complaint for want of prosecution. Bontkowski moved to reinstate the Complaint and, in effect, requested that we grant him leave to file an Amended Complaint. We granted plaintiff's motion.

Bontkowski alleges that Brian Smith, an agent of the Federal Bureau of Investigations, and Elena Bront, his ex-wife, conspired together to have him arrested on false criminal charges

31

and have him falsely imprisoned. Bontkowski alleges that the defendants deprived him of his right to be secure in his person and house in violation of the Fourth Amendment. Bontkowski also alleges that the defendants conspired to have him falsely arrested and maliciously prosecuted in violation of the Fourth and Fifth Amendments. We will analyze Bontkowski's claims in terms of the relief he seeks.

Bontkowski asks that this Court: (1) issue a declaratory judgment stating that the actions of the defendants violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, (2) issue a declaratory judgment stating that Smith violated plaintiff's rights under the Fourteenth Amendment, (3) issue a declaratory judgment stating that Smith, while acting under color of law, induced others to file false criminal charges against plaintiff and induced others to perjure themselves in violation of plaintiff's rights under the Fifth and Sixth Amendments to the U.S. Constitution, (4) issue an injunction ordering Bront to return any art prints owned by the plaintiff and still in her possession, disclose information regarding the persons who currently have possession of the art, and disclose all compensation received from selling the art prints, and (5) issue an injunction prohibiting any attorney in the employment of the United States from representing either Smith or Bront.

Bontkowski's three requests for declaratory judgment stem from his allegation that Bront filed false criminal charges on September 9, 1996. Plaintiff was arrested by the Arlington Heights Police Department on September 12, 1996. His trial occurred on October 11, 1996, and he was found not guilty. He alleges that Bront committed numerous acts of perjury at Smith's direction. Bontkowski alleges that phone records prove that Bront and Smith spoke many times. He alleges that during those conversations Smith instructed Bront to commit perjury.

2

Bontkowski requests injunctions because he alleges that Smith and Bront used deceptive and fraudulent means to take possession of art work. He alleges that he filed a theft report with the Chicago Police Department regarding the theft of art prints. In that report, Bontkowski identified Bront and her husband, John Bront, as the individuals who allegedly stole the prints. Bontkowski alleges that Smith contacted the Chicago Police Department and requested that it cease its investigation in September of 1996. Plaintiff alleges that Detective Kostka, of the Chicago Police Department, contacted him in September to inform him that the investigation was being discontinued pursuant to Smith's request.

Plaintiff further alleges that he filed an unrelated theft report with the Arlington Heights Police Department on September 12, 1996. In the report, he alleged the theft of forty-five limited edition Salvador Dali prints by Elena or John Bront. Bontkowski alleges that Smith contacted the Arlington Heights Police Department on behalf of Elena Bront on September 12, 1996, and that the investigation was stopped.

## DISCUSSION

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

3

I.  Plaintiff is not entitled to declaratory relief

Defendant argues that Bontkowski does not have standing to seek declaratory relief against Smith. Article III standing requires that plaintiff demonstrate three elements: (1) an "injury in fact," an invasion of a legally recognized interest which is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal link between that injury and the defendant's action, such that the injury is fairly traceable to the action complained of; and (3) that a favorable decision will likely redress the injury. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc., --- U.S.---, 120 S.Ct. 693, 704 (2000). Defendant argues that there is no reason to believe that Smith will, in the future, interfere with investigations of criminal complaints that Bontkowski may file, advocate the filing of false criminal charges against him, or encourage others to perjure themselves when testifying against him. We agree. None of Bontkowski's three requests for a declaratory judgment relate to a present case or controversy. Therefore, we will dismiss all three of his claims for a declaratory judgment.

Past illegal conduct does not necessarily create a present case or controversy justifying declaratory relief. O'Shea v. Littleton, 414 U.S. 488, 495 (1974). The possibility of future arrest or trial is not enough to show a real threat of future injury. Robinson v. City of Chicago, 868 F.2d 959, 966 (7th Cir.), cert. denied 493 U.S. 1035; Sierakowski v. Ryan, 223 F.3d 440 (7th Cir. 2000). Evidence of past illegal conduct can be evidence that future violations are likely to occur. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). However, Bontkowski has no other argument or evidence suggesting that Smith will repeat these alleged constitutional violations.

Bontkowski references an FBI report prepared by Smith on March 21, 1998. He alleges that the report has been used by the Government in unrelated criminal matters. However, in his

Complaint he fails to allege that Smith will again violate his rights in any of the ways that he alleges that Smith violated them in the past. Thus, we are required to dismiss Bontkowski's request for declaratory judgments for lack of standing. Robinson, 868 F.2d at 966. Even if plaintiff is correct and there is some likelihood that Smith's reports will be used in the future in unrelated criminal matters, Bontkowski fails to argue how a favorable declaratory action will redress this hypothetical future injuries. We dismiss the allegations of the Complaint requesting declaratory judgment. Thus, plaintiff's allegations about a conspiracy to falsely arrest and maliciously prosecute him are dismissed.

II. <u>Plaintiff is not entitled to an injunction prohibiting the United States from representing Smith and Bront</u>

Bontkowski asks that we issue an injunction prohibiting any attorney in the employment of the United States from representing either Smith or Bront. We do not have jurisdiction to tell the Department of Justice whom it may represent. Insofar as Smith acted as an agent of the Federal Bureau of Investigations, however, it is entirely proper for him to be represented by the United States Attorney.

III. <u>Plaintiff is not entitled to an injunction against Bront</u>

Bontkowski requests that we issue an injunction ordering Bront to return any art prints owned by him in her possession, disclose information regarding the persons who currently have possession of the prints, and disclose all compensation received from selling the prints. This claim is one involving the application of state law. The only portion of this claim which could potentially trigger our exercise of jurisdiction is Bontkowski's contention that Smith asked the

police to cease their investigations. That contention is barred by Illinois two-year statute of limitations.

In evaluating the statute of limitations for a constitutional tort, we must look to the personal injury laws of Illinois, the state in which the injury allegedly occurred. Wilson v. Garcia, 471 U.S. 261, 280 (1985); Diaz v. Shallbetter, 984 F.2d 850, 854 (7th Cir. 1993). Illinois has a two-year statute of limitations for personal injury claims. 735 ILCS 5/13-202. Therefore, we must determine whether Bontkowski should have known about his claims before October 9, 1996.

In his Complaint, Bontkowski alleges that Chicago Police Detective Kostka contacted him during September of 1996 and stated that Smith requested that police cease the investigation. Bontkowski admits to actual knowledge of the cause of action in September of 1996. Thus, all allegations relating to Smith's role in a conspiracy to steal art work must be dismissed as untimely.

Because we are dismissing Bontkowski's allegations about Smith's role, all that remains are Bontkowski's state law claims against Bront. We decline to exercise jurisdiction over those claims.

## CONCLUSION

Brian Smith's motion to dismiss is granted. The relief that Bontkowski requests for the alleged filing of false charges and the alleged use of fraudulent means to steal property is not appropriate. We dismiss Bontkowski's federal claims and decline to exercise jurisdiction over his state law claim. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: October 31, 2000